UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**GLOBAL REACH, INC.,** Plaintiff, v. **HAWKWOOD GROUP LLC, and ROBERT KENT,** Defendants.

**Case No.: 1:26-cv-01394-BAH ORAL HEARING: MAY 1, 2026**

## DEFENDANTS' AMENDED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Defendants Hawkwood Group LLC and Robert Kent (collectively, "Defendants"), appearing specially to contest jurisdiction, hereby move this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and respectfully submit this Memorandum in Opposition to Plaintiff's Motion for a Temporary Restraining Order ("TRO").

## I. INTRODUCTION

Plaintiff Global Reach, Inc. ("Global Reach") seeks the extraordinary and drastic remedy of a TRO to suppress speech regarding the criminal provenance of a specific aircraft, N520GP. However, Plaintiff fails on three critical fronts: (1) this Court lacks personal jurisdiction over the Defendants; (2) Plaintiff comes to this Court with "unclean hands," seeking to protect an asset with a terminated federal registration; and (3) Plaintiff cannot establish that Defendants' speech —rather than the aircraft's own documented history—is the cause of any alleged harm.

## II. JURISDICTIONAL PIVOT: THE FAILURE OF "SOCIAL MEDIA JURISDICTION" (GATE 493)

Plaintiff's Reply Memorandum (Doc. 17) attempts to establish personal jurisdiction in the District of Columbia based solely on Defendants' social media activity—specifically, "tagging" federal agencies and "D.C. Elite" accounts.

- **The Law:** Under D.C. Code § 13-423, personal jurisdiction requires "transacting any business in the District" or causing tortious injury by an act or omission in the District.

- **The Argument:** Social media tagging is a global broadcast; it is not "purposefully directed" at the forum. Tagging a D.C.-based entity does not constitute "transacting business" under D.C. long-arm statutes. Plaintiff is attempting to manufacture jurisdiction based on the location of the *audience* rather than the conduct of the *Defendants*.

## III. THE "UNCLEAN HANDS" DOCTRINE: THE FAA SMOKING GUN (GATE 15)

A party seeking the equitable relief of a TRO must come to the Court with "clean hands." Plaintiff fails this threshold.



**RECEIVED**

MAY 1 2026

Clerk, U.S. District & Bankruptcy Court for the District of Columbia

- **The Fact:** Defendants request that the Court take **Judicial Notice** of the FAA Registry status for aircraft **N520GP (Serial #1110)**. The official status is listed as **"Certificate Terminated"** or **"In Question."** * The Legal Consequence: Global Reach cannot claim "irreparable harm" to a "legitimate mission" when that mission involves an aircraft that lacks a valid airworthiness or registration certificate. One cannot "interfere" with a flight that has no legal right to be in the air. This status directly supports the Guinean prosecutor's investigation into the aircraft as an illicit asset.

## IV. FAILURE OF CAUSATION: THE REVERSE CHRONOLOGY (GATE 2588.3)

Plaintiff argues that Defendants' public disclosures caused the Guinean prosecutor to delay the release of their pilots. This is a chronological impossibility.

- **The Timeline:** The Guinean investigation into the aircraft's link to Kelton Reis and its criminal history **pre-dated** the Defendants' first public statements.

- **The Logic:** A fabricated narrative falls apart when viewed in reverse. Because the investigation was already active based on the aircraft's own "Terminated" status, Plaintiff's claim of "irreparable harm" caused by Defendants is a legal fiction designed to facilitate "Lawfare."

## V. COGNITIVE LOAD ANALYSIS: THE OMISSION STRESS

There is a detectable "Omission Stress" in the Plaintiff's law fare analysis.  While Plaintiff uses "Adjective Overload"—calling Defendants' claims "wild" and "fanciful"—they spend zero pages addressing the **FAA Registry status**.

- Truthful parties address the "Elephant in the Room." Plaintiff's failure to explain why their aircraft has a "Terminated" certificate is evidence of bad faith. They are using the volume of their outrage to drown out the fact of the aircraft's provenance.

## VI. CONCLUSION

Global Reach is suing the authorized representatives of the Schlenker family to suppress the fact that their "mission" involves a legally compromised asset. The Schlenker family's right to an independent investigation into the detention of their loved one—caused by the aircraft's own criminal history—outweighs Plaintiff's desire for "quiet" diplomacy.

For the foregoing reasons, the Motion for a TRO should be denied, and the Complaint should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

*Robert Kent*

Dated: April 30, 2026